**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 07-4369**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RONALD DAWSON, a/k/a Tree,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (5:06-cr-00061-FL)

―――――――――

Submitted:  December 20, 2007       Decided:  December 26, 2007

―――――――――

Before MICHAEL and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E.B. Holding, United States Attorney, Anne M. Hayes, Banumathi Rangarajan, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Dawson was convicted on a guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2000). The district court sentenced Dawson to 120 months in prison and a three-year term of supervised release. Dawson appeals his conviction and sentence, asserting that the district court erred in sentencing him based on an improper factor, and that his conviction and sentence violated the Double Jeopardy Clause of the United States Constitution. We affirm.

In imposing a sentence after United States v. Booker, 543 U.S. 220 (2005), a court still must calculate the applicable guideline range after making the appropriate findings of fact, and consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). This court will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." Id. at 433 (internal quotation marks and citation omitted). "[A] sentence within the proper advisory [g]uidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding application of

rebuttable presumption of reasonableness to within-guidelines sentence).

The district court sentenced Dawson only after considering and examining the sentencing guidelines and the § 3553(a) factors, as instructed by Booker, and stated that the sentence it imposed was based on Dawson's extensive criminal record, lack of significant legitimate employment history, and history of probation revocation. Dawson's 120-month sentence is within the properly calculated advisory guideline range and does not exceed the ten-year statutory maximum authorized by 18 U.S.C. § 924(a)(2) (2000). Dawson does not suggest any information so compelling as to rebut the presumption that his sentence is reasonable. We therefore conclude that the sentence is reasonable.

Dawson's final claim, that his federal conviction should be vacated because he was prosecuted for the same conduct in state court, allegedly in violation of his rights secured by the Double Jeopardy Clause, is without merit. As Dawson himself acknowledges, this claim is foreclosed by Supreme Court and Fourth Circuit precedents applying the duel sovereign doctrine. See Bartkus v. Illinois, 359 U.S. 121, 128-29 (1959); United States v. Alvarado, 440 F.3d 191, 196-97 (4th Cir.), cert. denied, 127 S. Ct. 81 (2006).

Accordingly, we affirm Dawson's conviction and sentence. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED